**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4914**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STACY DEMORIS JOHNSON,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00332-WO-5)

———————————

Submitted: June 15, 2012          Decided: June 19, 2012

———————————

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Charles L. White, II, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Randall S. Galyon, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Demoris Johnson appeals the district court's denial of his motion to suppress entered prior to his conditional plea of guilty to conspiracy to distribute at least five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841, 846 (2006). We affirm.

On appeal, Johnson first argues that the district court clearly erred when it found that a minivan contained cocaine, and that a Virginia resident picked up that cocaine. Johnson secondly argues that he was impermissibly detained after a traffic stop without reasonable, articulable suspicion of additional criminal activity.

In reviewing the district court's denial of a motion to suppress, this court reviews the district court's legal determinations de novo and its factual determinations for clear error. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). Because the district court denied the motion, this court construes the evidence in the light most favorable to the government." Id. In conducting our review, we give deference to the district court's credibility determinations because it is the role of the district court to observe witnesses and assess credibility. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

Johnson argues that the district court clearly erred in reaching its factual conclusions. We disagree. A factual finding is clearly erroneous only if we are left with the definite conviction that a mistake has been made. See United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008). Our review of the record leads us to conclude that evidence supports the district court's conclusions. We thus cannot conclude that the court's findings of fact were clearly erroneous.

Johnson next argues that the traffic stop was impermissibly prolonged. A prolonged automobile stop, if not consented to, requires "a reasonable suspicion that illegal activity is afoot." United States v. Guijon-Ortiz, 660 F.3d 757, 764 (4th Cir. 2011). The reasonable suspicion standard is less demanding than that of probable cause. United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008). The reasonable suspicion determination is based on all available information considered in totality. Id. at 337.

Johnson's attempt to distinguish Branch is unpersuasive. The officers in this case were aware of an ongoing narcotics investigation, the probable transaction that occurred between the driver of the minivan and Johnson, and Johnson's involvement with a known drug dealer. Johnson provided inaccurate information to the officers and was

3

confirmed to be on supervised release from a federal drug conviction. See United States v. Foster, 634 F.3d 243, 247 (4th Cir. 2011) (although not sufficient to create reasonable suspicion by itself, knowledge of a criminal record combined with concrete indicators of current criminal activity can support reasonable suspicion determination). Further, the officers discovered a large sum of cash, tied in bundles, in Johnson's pockets and observed that Johnson was visibly nervous.

Considering the circumstances in total and crediting the experience of the law enforcement officers on the scene, there was sufficient reasonable suspicion to detain Johnson in order to perform a canine sniff of his vehicle. Further, a canine sniff of the exterior of a vehicle is not a "search" and therefore requires no additional justification. Branch, 537 F.3d at 335. The positive alert from the canine unit was sufficient to provide probable cause to search Johnson's car. Id. at 340 n.2. Johnson's Fourth Amendment rights were thus not violated at any point during his detention or the search of his vehicle and the district court properly denied his motion to suppress.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED